6626

### SALEM RAILROAD CO. v. D. W. ALDERMAN & SONS CO.

CONDEMNATION OF RIGHT OF WAY OVER EXISTING RAILROAD BY PRIVATE RAILROAD.—Under the showing here made it is essential to the business with which the private railroad in question is connected that it be extended in the direction sought, and there is a reasonable necessity for it to condemn a crossing over an existing railroad, as it is at least doubtful if it could obtain a way from private individuals by purchase.

Before HYDRICK, J., Clarendon, October, 1906. Affirmed.

Action by Salem Railroad Co. against D. W. Alderman & Sons Co. From judgment for defendant, plaintiff appeals.

1—78

*Messrs. Jos. F. Rhame, J. H. Lesesne* and *Wilcox* and *Wilcox, for appellant.* The latter cite: *On point of reasonable necessity:* 71 S. C., 457.

*Messrs. Wilson & DuRant,* contra, cite: *Propriety of exercising power of eminent domain rests with grantee:* Lewis on Em. Dom., sec. 239; 15 Cyc., 630; 9 Rich., 239.

August 19, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The Salem Railroad is a corporation organized under the laws of the State, operating a railroad in Williamsburg and Clarendon Counties.

The D. W. Alderman and Sons Company is a private corporation organized under the laws of the State, engaged in the manufacture of lumber, and in connection with its business operating private railroads for the purpose of conveying timber to its mill at Alcolu, S. C.

In February, 1906, the D. W. Alderman and Sons Company served notice on the Salem Railroad Company that it required a right of way twenty feet in width across the railroad at a certain point in Clarendon County. The Salem Railroad Company duly signified its refusal to allow such right of way to be taken.

Thereafter, under the petition filed by the D. W. Alderman and Sons Company, the clerk of the Court of Common Pleas, acting under the statute, was about to empanel a jury to assess damages for the right of way, when the Salem Railroad Company, denying the right of condemnation, brought this action for injunction.

The denial of the right of condemnation rests on the allegation of the complaint that the crossing will be dangerous, causing annoyance to the plaintiff and interruption of its business, and "that the defendant herein does not require the use of the right of way above described over and across the railroad of this plaintiff for the purpose of transporting timber and other articles to and from its mill, but, on the

contrary, has or can procure a right of way for its railroad by which to reach its property without crossing the railroad of this plaintiff."

A temporary injunction was granted by Judge Gage. The case was tried before Judge Hydrick, who dissolved the injunction and dismissed the complaint. The single exception charges error in the Circuit Court's finding of fact, that a reasonable necessity for the crossing existed at the time this action was commenced.

The defendant being a private business corporation has no right of condemnation beyond that conferred by Civil Code, sec. 1895: "Corporations organized for any purpose under the provisions of this article shall have power to construct and operate a railroad, electric railway, tramway, turnpike or canal, for their own use and purposes, and shall have the right to effect a crossing with any existing railroad or public roads as is now provided by law for railroad corporations; but they shall have no power to condemn lands except for crossing any existing railroad or public road, as herein provided."

It would require a lengthy analysis of the evidence to make plain the precise situation of the proposed crossing in relation to the timber, the defendant finds it necessary to reach by its private railroad. The statement of these salient facts will be sufficient. The defendant's private railroad already crosses the plaintiff's railroad, and this would be a crossing back on a curve where it is desirable for many reasons not to have crossings, or any other obstacle to the continuous movement of trains. The plaintiff railroad runs only one train a day, each way. While it hauls some guano and other freight for the public, its main business is the transportation of logs and lumber for its principal owner, Mr. Wilson. The defendant could reach its timber by a route, just as convenient, leading over the lands of private owners, without crossing the plaintiff railroad. But, as will be seen by reference to the statute above quoted, the law

confers on the defendant no authority to condemn a right of way over the lands of individuals.

W. D. McFadden is one of the private owners whose consent would be essential to the defendant taking the route suggested by the plaintiff over the lands of others; and the effort was made to prove his willingness to sell defendant a right of way at a reasonable price. Had the plaintiff been able to show that the necessary rights of way, over this land and that of other persons, could be procured for a reasonable price, it would have had, under the circumstances, strong reason to ask for a permanent injunction against the crossing of its railroad. But, considering the refusal of McFadden to name any price for the right of way, in connection with his attitude to Wilson and Alderman, the persons mainly interested in the suit, it is highly improbable the defendant could have acquired a right from him for a reasonable price.

We think these are the correct conclusions to be drawn. The extension of the defendant's railroad is essential to the conduct of its business. It has no right to condemn the lands of private owners; and its ability to acquire by purchase, at a reasonable price, rights of way over the lands of private owners was shown to be, at least, extremely doubtful. The condemnation of the crossing over the plaintiff's railroad is therefore necessary; the case falling well within the rule of reasonable necessity, laid down in *South Carolina Railroad Company* v. *Blake,* 9 Rich., 228, and *Riley* v. *Union Station Company,* 71 S. C., 489, 51 S. E., 485.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.